IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RODOLFO ROSA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv950 |
| | § | |
| DENTON COUNTY SHERIFF'S DEPARTMENT | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro Se* Petitioner Rodolfo Rosa filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. PROCEDURAL BACKGROUND**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241 by a petitioner who was confined for failure to pay child support.[2] Petitioner challenges his confinement as a result of a contempt proceeding and the May 27, 2021, contempt order from the 362nd Judicial District Court of Denton County, Texas. Cause No. 15-08449-211. (Dkt. #21-1, pp. 6-13). The

---

[1] Petitioner filed the original petition for writ of habeas corpus on December 1, 2021 (Dkt. #1) and an amended petition (Dkt. #5) on December 27, 2021.
[2] A person incarcerated for civil contempt is "in custody" for purposes of invoking habeas jurisdiction under 28 U.S.C. § 2241. *See Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991); *Rosa v. Denton Cnty. Child Support Agency*, No. 4:21CV585, 2021 WL 4823281, at *1 n.1 (E.D. Tex. Aug. 23, 2021), *report and recommendation adopted*, No. 4:21CV585, 2021 WL 4819615 (E.D. Tex. Oct. 5, 2021); *see also Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986) (indigents, imprisoned for civil contempt for failure to pay child support, could challenge constitutionality of confinement in habeas corpus action); *Ridgway v. Baker*, 720 F.2d 1409 (5th Cir. 1983) (habeas granted to civil contemnor imprisoned for nonsupport); *Chapman v. 305th Jud. Dist. Ct.*, No. 3:05-CV-02459-B, 2006 WL 297766, at *1 n.1 (N.D. Tex. Jan. 27, 2006) ("Petitioner is not in custody within the meaning of § 2254; rather he is in custody by virtue of a civil contempt proceeding. As such this action falls under § 2241(c)(3), which applies to those "in custody in violation of the Constitution or laws or treaties of the United States."). This action, construed either as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or § 2254, should be dismissed as moot, as discussed below.

Denton County judicial records reflect that Petitioner was found in contempt for failure to pay child support and was sentenced to 180 days to be served in the county jail. (Dkt. #21-1, p. 12). Petitioner seeks immediate release from confinement.[3] (Dkt. #5, p. 7).

Respondent was ordered to show cause on January 31, 2022. (Dkt. #7). On April 21, 2022, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Moot ("Motion to Dismiss"). (Dkt. #15). Respondent argues that the habeas petition is moot because Petitioner is no longer confined in the Denton County Jail. On May 11, 2022, Petitioner filed a response (Dkt. #16) to the Motion to Dismiss. Petitioner argues that his release from the Denton County Jail does not moot the petition because he was subsequently detained by U.S. Immigration and Customs Enforcement ("ICE") after his release. On December 16, 2022, the Court ordered Respondent to file a reply "specifically addressing the impact, if any, of Plaintiff's subsequent detention by ICE and alleged adverse collateral consequences on its contention that the habeas petition is moot." (Dkt. #19). Respondent filed a reply on January 13, 2023. (Dkt. #21).

## II. DISCUSSION

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. Feb. 22, 2007) (not designated for publication) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding case mooted by petitioner's release from prison)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exists at all stages of federal court proceedings. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020)) (citing *Spencer v. Kemna*, 53 U.S. 1, 7 (1998)); *see also Bailey*, 821 F.2d at 278. A moot case "presents no Article

---

[3] Petitioner also seeks attorney fees and court costs "from the county of the State of Texas." (Dkt. #5, p. 7). A request for monetary damages is not a proper request for relief in a habeas corpus proceeding.

III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)). "'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

In the instant matter, Petitioner was confined in the Denton County Jail for contempt for failure to pay child support at the time he filed the pending § 2241 petition. He alleges that his contempt proceeding and confinement for same violated his rights under the United States Constitution. As relief for the alleged violation of his constitutional rights, Petitioner requests that he be immediately released from custody of the Denton County Jail. However, Petitioner is no longer in custody in the Denton County Jail. The record establishes that Petitioner was credited for time served and released from the Denton County Jail on December 22, 2021. (Dkt. ##15-1, 15-2). As such, Respondent contends that the habeas petition is moot. In response to such assertion (Dkt. #16), Petitioner argues that his release from confinement does not moot the petition because he was subsequently detained by ICE after his release from the Denton County Jail.[4]

A case or controversy may continue to exist where "the petitioner is no longer detained but the claimed violation's adverse consequences continue." *Nieto-Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014) (citing *Spencer*, 523 U.S. at 14, and *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)); *see also Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (holding that the defendant's inability to engage in certain businesses, serve in particular offices, vote, and serve as a juror due to his conviction defeated the mootness challenge to his appeal). Here,

---

[4] As indicated by ICE's online detainee locator system, *see* https://locator.ice.gov/odls/#/index, and Petitioner's notices of change of address (Dkt. ##18, 22), Petitioner is not currently detained in an ICE facility. The Court takes judicial notice that, on June 13, 2022, the immigration judge granted Petitioner a deferral of removal under the Convention Against Torture ("CAT"). *See* https://acis.eoir.justice.gov/en/caseInformation.

Petitioner has not alleged or presented any evidence that he is still subject to any ongoing collateral consequence. He argues: "The adverse consequences of the judicial error, by denton county sheriff's department (-**Unlawful Arrest**-) lead to Petitioner Rodolfo Rosa be detainee by ICE" [sic]. (Dkt. #16, p. 1). However, Petitioner was detained by ICE after a valid "Warrant of Arrest of Alien" was issued by the U.S. Department of Homeland Security. (Dkt. #21-1, p. 19). The fact that the warrant was served while Petitioner was confined at the Denton County Jail does not make it a collateral consequence; the warrant could have been served anywhere the Petitioner may have been found. Furthermore, the record indicates that an ICE detainer was placed on Petitioner based on his prior criminal convictions—burglary of a vehicle and driving while license is invalid. (Dkt. #21-1, p. 16). Thus, Petitioner's detention by ICE was not a collateral consequence of the contempt proceeding or his confinement for same at the Denton County Jail. In this case, the Court cannot discern any continuing collateral consequences stemming from the claims raised in his petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains).

In sum, the petition contests the contempt proceeding and Petitioner's confinement in the Denton County Jail as a result of his failure to pay child support. The petition asks the Court to order his release from that confinement. Having been released from that confinement and received the relief he requested, and because there are no unresolved issues relating to the contempt proceeding that he challenges in this action, Petitioner's habeas petition is moot and should be dismissed without prejudice for lack of jurisdiction. *See Herndon*, 985 F.3d at 446 (citing *Bailey*,

821 F.2d at 278) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"); *In re Ramirez*, No. 7:15-CV-228, 2016 WL 446607, at *3 (S.D. Tex. Jan. 12, 2016), *report and recommendation adopted sub nom. In re Marco A. Ramirez*, No. CV M-15-228, 2016 WL 427509 (S.D. Tex. Feb. 4, 2016).

### III.  RECOMMENDATION

It is accordingly recommended that Respondent's Motion to Dismiss (Dkt. #15) be granted and that the above-styled petition for writ of habeas corpus be dismissed without prejudice for lack of jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 25th day of January, 2023.**

5

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE