# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RODOLFO ROSA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-950 |
| | § | |
| DENTON COUNTY SHERIFF'S | § | |
| DEPARTMENT | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Rodolfo Rosa filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. #28).

Petitioner filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement as a result of a contempt order for failure to pay child support. Petitioner sought immediate release from confinement. Respondent filed a motion to dismiss the § 2241 petition as moot because Petitioner had been released from confinement. (Dkt. #15). On January 25, 2023, the United States Magistrate Judge issued a Report and Recommendation ("the Report") (Dkt. #23) containing proposed findings of fact and recommendations that Respondent's motion to dismiss (Dkt. #15) be granted and that the § 2241 petition be dismissed without prejudice for lack of jurisdiction. Petitioner did not file objections to the Report. On March 13, 2023, the Court adopted the Magistrate Judge's Report as the findings and conclusions of the Court, entered final judgment, and dismissed Petitioner's case without prejudice. (Dkt. ##26, 27).

Over two years after final judgment entered, Petitioner filed the instant motion seeking to reopen the case and vacate the final judgment. (Dkt. #28). Petitioner moves for relief under Federal Rule of Civil Procedure 60(b)(2) and (6). He states that he is "presenting new evidence and legal

authority showing that the child support and contempt orders "forming the basis of his confinement were jurisdictionally void" and that the "resulting incarceration violated the constitutional prohibition against imprisonment for debt." (Dkt. #28 at 1). Petitioner's newly discovered evidence argument is based on his allegation that the state court judge who signed the child support orders "never filed a valid oath of office, as required by Article XVI, Section 1 of the Texas Constitution," and therefore, the orders were "void ab initio" and the "subsequent enforcement" by a different state court judge was "legally invalid." *Id.* at 2. Petitioner also asserts that he has shown continuing collateral consequences "resulting from a constitutionally defective incarceration" and that he "continues to suffer measurable harm from the enforcement of void orders," including: "[n]egative entries on his credit report tied to the child support action; [o]ngoing wage garnishments based on legally void contempt and support orders; [and] [c]ivil stigma stemming from unconstitutional incarceration." *Id.* at 2–3.

Rule 60(b)(2) provides that "the court may relieve a party . . . from a final judgment" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." "To succeed on a motion for relief from judgment based on newly discovered evidence, [Fifth Circuit case] law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). The newly discovered evidence must "be both admissible and credible." *Id.* (citation omitted). A motion under Rule 60(b)(2) must be filed "no more than a year after entry of the judgment." Fed. R. Civ. P. 60(c)(1).

2

Under Rule 60(b)(6), a party may obtain relief from a final judgment for any reason that justifies relief. "It is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions," and relief is typically "granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). A Rule 60(b)(6) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Petitioner's request for relief under Rule 60(b)(2) is untimely. The Court entered judgment in this action on March 13, 2023. Petitioner filed the instant motion over two years after entry of judgment. Thus, even if he alleged facts sufficient to support a Rule 60(b)(2) motion, which he has not, the Court would deny his request as untimely. *See Welsh v. Correct Care Recovery Sols.*, No. 5:18-CV-020-BQ, 2021 WL 12218624, at *1 (N.D. Tex. Apr. 15, 2021); *see also Jones v. Jefferson Cnty. Dist. Att'y*, No. 1:21-CV-212-MJT-CLS, 2024 WL 2856922, at *2 (E.D. Tex. May 6, 2024) ("Plaintiff's grounds for reconsideration fall under Fed. R. Civ. P. 60(b)(1) in that he argues the court erred by ignoring facts and law. The court cannot entertain the motion, however, as it was filed more than one year after entry of judgment."), *report and recommendation adopted,* No. 1:21-CV-212, 2024 WL 2852191 (E.D. Tex. June 4, 2024), *reconsideration denied sub nom. Jones v. Jefferson Cnty. Dist. Att'y Off.*, No. 1:21-CV-212, 2024 WL 4973298 (E.D. Tex. Dec. 3, 2024).

In addition, Petitioner has not demonstrated the existence of exceptional circumstances that would warrant the Court granting relief under Rule 60(b)(6). To the extent Petitioner relies on the alleged new evidence in support of his apparent contention that extraordinary circumstances exist, Rule 60(b)(6) does not justify relief based on a specific ground enumerated elsewhere in Rule 60. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b).").

Petitioner "cannot obtain relief under 60(b)(6) where the allegations of [new evidence] are essentially the identical grounds for relief sought under" his Rule 60(b)(2) motion. *Id.*

Moreover, to the extent Petitioner relies on collateral consequences in support of his contention that extraordinary circumstances exist to warrant relief from judgment, his reliance is misplaced. Petitioner asserts that he "continues to suffer measurable harm from the enforcement of void orders," including "[n]egative entries on his credit report tied to the child support action; [o]ngoing wage garnishments based on legally void contempt and support orders; [and] [c]ivil stigma stemming from unconstitutional incarceration." (Dkt. #28 at 3). However, the fact that Petitioner might still be subject to a civil judgment that requires him to pay child support is not a collateral consequence of his confinement for civil contempt. Furthermore, Petitioner points to no collateral consequences of the type discussed in *Carafas v. LaVallee*, 391 U.S. 234 (1986), currently attaching as a result of his confinement for failure to pay child support. "[S]ocial stigma and the fact of the previous conviction alone are insufficient to maintain a live controversy for Article III purposes." *Kaltenbach v. Whitley*, 82 F.3d 414 (5th Cir. 1996). Nothing in Petitioner's motion justifies relief under Rule 60(b).

It is accordingly **ORDERED** that Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. #28) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 13th day of November, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE